## GRAY
### *v.*
## THE DISTRICT OF COLUMBIA.
————

COURT OF CLAIMS, JUDGMENTS OF ; SECS. 713 and 829, R. S. D. C.; INTEREST ON JUDGMENTS.

1. A judgment of the Court of Claims is conclusive of all points which were or ought to have been determined therein, and no other court can go behind it to administer relief not provided for thereby.
2. Sections 713 and 829, R. S. D. C., relating to interest on judgments and decrees, have no application to judgments of the Court of Claims.

No. 38.   Submitted May 31, 1893.—Decided June 6, 1893.

HEARING on appeal from a judgment of the Supreme Court of the District of Columbia, holding a law term, sustaining a demurrer to each of the two counts of plaintiff's declaration.   *Affirmed.*

STATEMENT of the case by Mr. Justice SHEPARD :

This is a suit by John A. Gray, as administrator of the estate of William Bowen, deceased, to recover interest upon a claim established by him in the Court of Claims against the District of Columbia, the principal of which has been paid.

The following is a brief history of the facts which constitute the foundation of this suit.   In the year 1873 the Board

of Health of the District contracted with Bowen to fill up all such lots in the city of Washington as it might designate from time to time.

It was stipulated that the value of the work should be assessed against the property benefited thereby, and should constitute a lien thereon, to be collected for the benefit of Bowen, but should not become a charge against the board or the District.

Under this contract, Bowen filled certain lots designated by the board, and the value of the work was assessed at $5,213.38, and "tax lien certificates" for that amount were issued against the owners of the lots benefited thereby and delivered to the District tax collector for collection for Bowen's benefit. It was afterwards conceded by all concerned that this assessment was without authority of law, and the certificates were cancelled.

Bowen applied to Congress for relief, and procured the passage of an act of March 3, 1875, under which his claim was presented to a board of audit, which upon inquiry awarded him $1463.58. This sum was paid over to him and he executed a receipt in full of all demands. Not satisfied with this award, he again applied to Congress, and on January 20, 1885, another act was passed, which provided "That the claim of William Bowen for three thousand seven hundred and forty-nine dollars and eighty cents, as a balance due him for abating certain nuisances under authority of the late Board of Health of the District of Columbia, be referred to the Court of Claims for its decision and adjudication of the merits of the claim according to law and the practice of said court, without regard to the Statute of Limitation or the conclusiveness of a certain receipt signed by said Bowen in 1875," in full settlement for all claims against the District of Columbia for said work. Under this act he prosecuted his demands before the Court of Claims, which, on May 6, 1889, held that he was entitled to the full amount as originally assessed, less the payment in 1875, and awarded him $3729.80.

This sum was paid him October 24, 1890, by appropriation for that purpose, and he receipted for it, reserving his right to claim interest.

Plaintiff's declaration consists of two counts.

In the first he claims interest from August 1, 1874, at the rate of three and sixty-five hundredths per cent. per annum, on the ground that he was entitled thereto under the provisions of an act approved June 16, 1880, entitled "An act to provide for the settlement of all outstanding claims against the District of Columbia, and conferring jurisdiction on the Court of Claims to hear the same and for other purposes."

This act, after defining classes of claims which might be prosecuted thereunder, directed the Secretary of the Treasury to discharge such as might be established, in bonds of the District of Columbia, dated August 1, 1874, and bearing interest, for which coupons were attached, at the rate of 3.65 per cent. per annum. As these bonds soon commanded a premium, a supplemental act was passed March 3, 1881, permitting the Secretary, instead of delivering the bonds to the successful claimants, to sell them and pay the cash.

Plaintiff, although his claim could not have been allowed under this statute, contends that he is entitled to interest as provided therein upon demands of the same general character as his, on the ground as claimed, that this act is made applicable to his case by the terms of the special act for his relief.

The second count is only to be considered in the event that the first shall be held bad, and sets up a demand for interest at the rate of six per cent. per annum from the time of the adjudication in his favor to the date upon which he received the principal.

Defendant urged a demurrer to each count of the declaration, which was sustained; whereupon the plaintiff by regular proceeding took the case before the General Term of the Supreme Court of the District, from which it has been regularly transferred to this court.

*Mr. George A. King* and *Mr. Franklin H. Mackey* for plaintiff in error:

Prior to the act of Congress approved June 16, 1880, the Court of Claims had no jurisdiction of suits against the District of Columbia, and that is the only general statute which has ever conferred such jurisdiction. *Stracham* v. *District of Columbia,* 20 C. Cls., 484. To that act, therefore, we must look for provisions regulating the mode of bringing, maintaining, trying, and obtaining payment of judgments in all suits against the District of Columbia in the Court of Claims.

1. In *Tillson* v. *United States,* 100 U. S., 43, it was held that where a claim was referred by special enactment to the Court of Claims, interest is not allowable for the reason that the statutes regulating the practice of the Court in suits against the United States under its general jurisdiction did not permit the recovery of interest. The converse of the principle can certainly be invoked in favor of the present plaintiff. Here the general statute in regard to suits against the District of Columbia in the Court of Claims does permit the recovery of interest, and hence it is payable in the present case. The silence of the judgment as to interest in no manner affects the question. The form is the only one in which judgment can properly be entered. *Perkins* v. *Fourniquet,* 14 How., 331. It is suggested as a point of law to be argued on this demurrer that there can be no legal liability for interest after the payment of the principal, and that the action to recover interest cannot be maintained after the payment of the principal debt or demand, also that interest does not constitute a debt capable of a distinct claim, and that the acceptance of $3729.80 in satisfaction of the principal sum satisfied the entire claim, and is a bar to the recovery of interest. But the authorities do not bear out this proposition. See *American Bible Society* v. *Wells,* 68 Me., 572, citing Sedgwick on Damages, 5th ed., 445 (8th ed. § 338, vol. 1); *Robbins* v. *Cheek,* 32 Ind., 328; *Fake* v. *Eddy,* 15 Wend., 76; *Stone* v. *Bennett,* 8 Mo., 41; *King* v. *Phillips,* 95 N. C., 245; *Edgerton* v. *Aspinwall,* 3 Conn., 445.

In the case of a judgment of the Court of Claims against the United States, wherever interest is allowable, the pay-

ment of the principal sum will not discharge it. *Hobbs* v. *United States*, 19 C. Cls., 220, 228, 229. The failure to appropriate a sufficient sum, without any words indicating expressly or by clear implication an intention to make the sum appropriated receivable for all demands, constituted no discharge of an existing legal liability. *United States* v. *Langston*, 118 U. S., 389. See also *Amis* v. *Smith*, 16 Pet., 303.

2. The judgment of the Court of Claims was within the terms of the general rule as to interest on all judgments laid down in sections 713 and 829 of the Revised Statutes relating to the District of Columbia, as above cited. Interest would then be at six per cent. as provided by those acts. The District of Columbia enjoys no exemption from statutes of this character, as was decided in *Metropolitan Railroad Co.* v. *District of Columbia*, 132 U. S., 1.

*Woodbury* v. *District of Columbia*, 19 D. C., 157, holds that interest is allowable on all judgments, including those against the District, under Revised Statutes of the District of Columbia, Sec. 713. Judgments rendered against the District of Columbia bear interest at six per cent. from their rendition, whether rendered by this court, or by any other which happens to have jurisdiction of the case. *Sneed* v. *Wister*, 8 Wheat., 690. The action of debt on judgment is a familiar one, and has been held to be applicable to unpaid judgments of the Court of Claims equally with those of all other courts. *United States* v. *O'Grady*, 22 Wall., 641 ; *Brown* v. *United States*, 6 C. Cls., 171.

*Mr. S. T. Thomas* for the District of Columbia :

1. Interest follows the principal sum as an incident and cannot be separated from it and recovered *after* the principal has passed into judgment. The adjudication of the Court of Claims is final and conclusive on the matter sought to be litigated here. The subject-matter of this action was accessory to Bowen's suit in the Court of Claims. It was a matter the parties might have litigated and had determined there,

and it is conclusively presumed to have been determined there. The payment of the principal sum awarded to the plaintiff's intestate satisfied the entire cause of action, and is a bar to the recovery of interest thereon. *Potomac Co.* v. *Union Bank*, 3 Cr., C. C., 101; *Cutler* v. *Mayor, etc.*, 92 N. Y., 166; *Tillotson* v. *Preston*, 3 Johns., 229; *Hamilton* v. *Van Rensalear*, 43 N. Y., 244.

The same doctrine prevails in England. *Dixon* v. *Parkes*, 1 Esp., 110; *Church* v. *Stinger*, 2 B. and Ad., 777; *Parkes* v. *Smith*, 15 Q. B., 297.

2. Sections 713 and 829 of the Revised Statutes of the U. S., relating to the District, apply to judgments and decrees of the Supreme Court of the District of Columbia, as an incident of such judgments and decrees. Those sections have nothing to do with interest on judgments of the Court of Claims.

Mr. Justice SHEPARD delivered the opinion of the Court.

We are clearly of the opinion that the court did not err in sustaining the demurrer to the first count. While it is true that the claim of Bowen is of a character akin to those provided for in the act of June 16, 1880, still we find nothing in the special act for his relief that brings his case within its provisions. Had this been the intention of Congress it would doubtless have been expressed. *Tillson* v. *U. S.*, 100 U. S., 43. The words of the relief act referring the case to the Court of Claims for adjudication "according to law and the practice of said court," instead of referring to the act of June 16, 1880, seems to us rather to refer to the act creating the Court of Claims itself and regulating the practice therein.

This construction would bring the claim under the rule prescribed in Sec. 1091 Revised Statutes, that "No interest shall be allowed on any claim up to the time of rendition of judgment thereon by the Court of Claims unless upon a contract expressly stipulating for the payment of interest."

Again, this claim had no standing in any court whatever until by act of Congress it was recreated and specially re-

ferred to the Court of Claims to be adjudicated by it exclusively. Under a familiar principle of law the judgment of that tribunal is conclusive of all points which were, or ought to have been, determined therein, and no other court can go behind it to administer relief not provided for thereby.

The question raised on the demurrer to the second count of the declaration is more difficult of solution. It is contended that this judgment of the Court of Claims bears interest from the date of its rendition until paid, at six per cent. per annum, under the provisions of Sections 829 and 713 of the Revised Statutes relating to the District of Columbia. Sec. 829 is, by its terms, confined exclusively to actions founded on contracts reduced into judgments on the common law side of the Supreme Court of the District, and provides that "interest at the rate of six per cent. per annum shall be awarded on the principal sum due until the judgment shall be satisfied, and the amount which is to bear interest, and the time from which it is to be paid, shall be ascertained by the verdict of the jury sworn in the cause." As we have before said this claim was not a contract upon which suit could have been maintained in any court of the District, and the claim for interest upon it has no support in Sec. 829, quoted above.

Sec. 713, which is the first section of an "Act to amend the usury laws of the District of Columbia," provides: "That the rate of interest upon judgments or decrees and upon the loan or forbearance of any money, goods or things in action, shall continue to be six dollars upon one hundred dollars, for one year, and after that rate for a greater or less sum, or for a longer or shorter time, except as hereinafter provided." This section has been construed by the Supreme Court in *Washington and Georgetown R. R. Co.* v. *Harmon,* 147 U. S., 571.

The question in this case was, whether a judgment of the Supreme Court of the District of Columbia in an action of tort bore interest from the time of its rendition; it was held that it did not. In construing this Section 713, Fuller, C.

J., delivering the opinion of the court, said: "This act related, as its title correctly stated, to the usury laws of the District, and the rate of interest at six per cent. was to continue, except as provided by the subsequent section, penalty being denounced for contracting in writing for a greater rate than ten, or verbally for a greater rate than six per cent. Judgments and decrees, as well as the loan or forbearance of money, goods or things in action, are referred to, but the act does not say that they shall bear interest in the future if they did not in the past. On the contrary, that which had been was to continue, and the changes wrought by the statute were only in the rate and the consequences of transgression. There is nothing to indicate a legislative intention to declare that all judgments and decrees should thereafterwards bear interest by virtue of the statute, or to make any change in that respect."

If, therefore, a judgment regularly rendered in the Supreme Court of the District in a common law action of tort cannot bear interest, *a fortiori* it should not be permitted to run upon the judgment of the Court of Claims in this case.

The Court of Claims is a special tribunal created for the purpose of investigating and adjudicating such claims as Congress may have referred to it by the general law of its creation, or by special act from time to time, and which could not be maintained in any of the courts provided for in our judiciary system.

It might then well be held, that the judgments referred to in Section 713, are limited to the judgments and decrees of courts of general jurisdiction, proceeding under the ordinary rules of law and equity. In consequence of these views, we must hold that the assignment of error to the action of the court in sustaining the demurrer to the second count, is not well taken; and that the judgment of the court below must be in all things

*Affirmed.*